IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JULIUS WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:21-CV-00019-MTT-CHW |
| | : | |
| FAMILY DOLLAR, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Julius White has recast his complaint (ECF No. 7) and filed a non-prisoner motion for leave to proceed *in forma pauperis* (ECF No. 8). For the following reasons, it is **RECOMMENDED** that Plaintiff's claims against Defendants be **DISMISSED without prejudice.** Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED** for purposes of this Recommendation only.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a plaintiff who is proceeding IFP. *See* 28 U.S.C. § 1915(e). It also appears that Plaintiff was a prisoner at the time he filed this action, and so his claims are also subject to preliminary screening under 28 U.S.C. § 1915A. The standards of review under these statutes are the same.

When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

II.  Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from an incident that occurred on or about February 4, 2019. Recast Compl. 4, ECF No. 7. According to the Recast Complaint, which is the operative pleading in this case, Plaintiff received a counterfeit five-dollar bill as change at a Family Dollar store in Milledgeville, Georgia. *Id.* Plaintiff claims that he "went back the next day to resolve the issue and spoke with the store manager," Defendant Hurt. *Id.* Defendant Hurt apparently accused Plaintiff of lying about the incident, "which led to a verbal argument" that caused Plaintiff's blood pressure to go "sky high." *Id.* at 5. Plaintiff sought treatment for his elevated blood pressure at Oconee Regional Medical after the incident. *Id.* Plaintiff further alleges that he has attempted to "resolve[] this issue" with Family Dollar for more than eighteen months, but to no avail. *Id.* He seeks monetary compensation in the amount of five billion dollars for his medical bills and the "emoitnal [sic] and mental stress" that resulted from this incident. *Id.*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that federal courts "possess only that power authorized by Constitution and statute[.]" *Id.* In other words, this Court may only hear a case over which it has subject matter jurisdiction. *See id.* There are generally three ways a party may establish subject matter jurisdiction in federal court: "(1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332." *Hallett v. Ohio*, 711 F. App'x 949, 950 (11th Cir. 2017) (per curiam). "[T]he party invoking the court's jurisdiction bears the burden of proving the existence of federal jurisdiction," and if "the

3

district court lacks subject matter jurisdiction, it has no power to render a judgment on the merits" and should dismiss the complaint. *Id.*

In this case, Plaintiff recast his claims on the Court's standard complaint form, which requires him to assert a basis for the Court's jurisdiction over his claims. Plaintiff marked the box indicating that he was suing federal officials in what is known as a *Bivens* action. Recast Compl. 3, ECF No. 7. A plaintiff bringing a *Bivens* claim is suing federal officials in their individual capacities for violating the plaintiff's constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-96 (1971). The only individuals whom Plaintiff identifies as Defendants in this case, however, are private citizens; there are no federal actors involved in the incident described in the Recast Complaint. Plaintiff has thus failed to establish that *Bivens* provides a basis for federal subject matter jurisdiction in this case.

Plaintiff has also failed to assert facts establishing any other basis for federal court jurisdiction in this case; he does not allege facts suggesting that he has a claim "arising under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331 or facts showing that this case is between citizens of different states under 28 U.S.C. § 1332. Because Plaintiff has failed to allege that this Court has subject matter jurisdiction over his claims, his Recast Complaint should be dismissed without prejudice. *Hallett*, 711 F. App'x at 951 (holding that district court did not err in dismissing complaint for lack of subject matter jurisdiction where plaintiff "alleged that jurisdiction was proper under *Bivens*" but "failed to name any federal official as a defendant"); *see also Mulkey v. Land Am. Title Assoc.*, 345 F. App'x 525, 526-27 (11th Cir. 2009) (per curiam) (affirming dismissal of

claims for lack of subject matter jurisdiction where it was "unclear where Defendants resided for diversity jurisdiction purposes" and "nothing in the complaint" indicated that defendants were state actors and thus subject to suit under 42 U.S.C. § 1983).[1]

   III.   Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 8) is **GRANTED** for purposes of this Recommendation only, but it is **RECOMMENDED** that Plaintiff's federal claims against Defendants are **DISMISSED without prejudice**.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

   **SO ORDERED AND RECOMMENDED**, this 11th day of August, 2021.

                              s/ Charles H. Weigle
                              Charles H. Weigle
                              United States Magistrate Judge

---

[1] A claim under 42 U.S.C. § 1983 is similar to a *Bivens* claim, but a § 1983 claim is brought against a *state* actor who has allegedly violated an individual's federally-protected rights. *See, e.g., Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Plaintiff fails to allege that any of the named Defendants are state actors, and therefore he cannot demonstrate that § 1983 provides a basis for subject matter in this case either.